UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRELL D. JORDAN AKA
TRACY D. HALSELL,

    Plaintiff,

  vs.

SHAWN JAY Z CARTER, *et al.,*

    Defendants.

Civil Action No. 1:23-cv-479

Cole, J.
Bowman, M.J

### REPORT AND RECOMMENDATION

This civil action is now before the Court on the United States of America's motion to dismiss Plaintiff's pro se complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The United States also requests that Plaintiff's pre-filing requirements as a vexatious litigator be expanded to include those cases removed from state court. For the reasons outlined below, the undersigned finds Defendant's motion to be well-taken.[1]

### I. Background and Facts

Plaintiff filed this Complaint against Defendants Shawn Jay Z Carter, Cassius Muhammad Ali Clay, Hillary Rodham Clinton, Robin Rhianna Fenty, Barack Hussein Obama, Parkwood Entertainment LLC, Jada Pinkett Smith, and Michelle Williams in the Hamilton County Court of Common Pleas on May 24, 2023. (Doc. 1, Ex. A). Defendant Former President Obama removed the case to this Court on July 28, 2023. (Doc. 1). Thereafter, the United States filed a Notice of Substitution as Defendant for former President Obama. (Doc. 2). No other defendant has entered an appearance and it is

---

[1] Also before the Court is Plaintiff's pro se motion to consolidate defense/testimony. (Doc. 8)

currently unclear to the Undersigned if service was properly perfected on the other defendants.

Plaintiff's complaint appears to allege that various prominent individuals harassed him and that former President Barack Obama "mentioned" or left plaintiff "under the insinuation" that he would receive $20 Million. He requests former President Obama pay him $70 Million and the other defendants pay him similarly large amounts of money. The United States now moves to dismiss Plaintiff's complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted.

**II.     Defendant's Motion to Dismiss is Well-Taken**

The United States contends that the complaint fails to demonstrate (or allege) any basis for the jurisdiction of this Court over it. Assuming arguendo, that this Court had jurisdiction, Defendant further argues that the complaint's bare and unsupported allegations fail to state a claim upon which relief can be granted. Defendant also asks that Plaintiff's existing designation as a vexatious litigator be expanded to place pre-filing requirements on him for cases removed from state court. Defendant's contentions are well-taken.

The undersigned agrees that Plaintiff's complaint fails to establish any basis for jurisdiction. Notably, motions to dismiss under Rule 12(b)(1) can assert either facial attacks or factual attacks on a court's subject matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Where a facial attack on the subject matter jurisdiction alleged by the complaint is made, the moving party merely questions the sufficiency of the pleading. *Id*. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true. *Id*. On the other hand, when a court reviews a

complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Id*. The court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id*.

A motion to dismiss based on subject matter jurisdiction generally must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 592 (S.D. Ohio 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)) (explaining that a Rule 12(b)(6) challenge becomes moot if the court lacks subject matter jurisdiction).

A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. *Neitzke v. Williams*, 490 U.S. 319 327-28 (1989). Here, Plaintiff's pro se complaint is without an arguable basis in fact over which this federal court has subject matter jurisdiction. The complaint is largely incomprehensible and contains fanciful allegations that "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). In addition, the Court need not accept as true the legal conclusions couched as factual allegations contained in the complaint. *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the defendant violated plaintiff's rights. *Iqbal*, 556 U.S. at 678.

As noted by the United States, the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States*

3

*v. Mitchell*, 463 U.S. 206, 212 (1983).  Moreover, to the extent Plaintiff's nonsensical allegations of harassment could be construed as asserting claims under the Federal Tort Claims Act ("FTCA") against the United States or for breach of contract under the Tucker Act such claims are not properly before this Court.  Namely, Plaintiff fails to allege that he complied with the requisite administrative requirements prior to bringing an FTCA claim.  See 28 U.S.C. § 2401(b).  Additionally, breach of contract claims alleging more than $10,000.00 in damages must be adjudicated in the Court of Federal Claims.  See 28 U.S.C. § 1491; 28 U.S.C. § 1346(a)(2). For these reasons, the undersigned finds that the United States' motion to dismiss for lack of jurisdiction is well taken and the complaint should be dismissed as to the United States.

Additionally, the Court may also "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Here, Defendant further argues that Plaintiff's allegations—to the extent they are decipherable—are implausible, frivolous, unsubstantial, and devoid of merit as to all the defendants.  As such, the United States argues that *sua sponte* dismissal of the entire Complaint is warranted.  The undersigned agrees.[2]

---

[2] Additionally, assuming arguendo that the Court has jurisdiction over Plaintiff's claims, dismissal is also warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Notably, dismissal is appropriate under Rule 12(b)(6) if a complaint fails to allege sufficient factual matter "to state a claim for relief that is 'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, the majority of Plaintiff's factual allegations are illogical and incomprehensible. The complaint provides no factual content or context from which the Court may reasonably infer that Plaintiff's rights were violated by any of the named Defendants.

### III. Vexatious Expansion

On March 23, 2023, Judge Litkovitz recommended Plaintiff be declared a vexatious litigant noting that the case before Judge Litkovitz was the "sixth in a series of frivolous complaints filed by Plaintiff over the past two years." *Jordan v. Pinkett-Smith*, Case No. 1:23-cv-00137, (Doc. 4). Thereafter, on April 24, 2023, Judge Barrett adopted the Report and Recommendation and declared Plaintiff "a vexatious litigator" who was "enjoined and prohibited from filing any additional complaints in the Southern District of Ohio that have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted." *See Jordan v. Pinkett-Smith*, Case No. 1:23-cv-00137, (Doc. 8 at 4).

In light of the foregoing, the United States asks the court to expand the existing pre-filing requirements imposed on Plaintiff to include cases removed from state court to federal court. In this regard, the United States cites *Jabbar v. Graham*, Case No. 2:21-cv-999, Doc. 13 at 6), wherein the Court imposed certain pre-filing requirements (similar to those imposed by Judge Barrett on Plaintiff) and further required the following: "In the event plaintiff files any new action in a state court that is subsequently removed to federal court, plaintiff must comply with the restrictions above and submit a certification in the removed case stating that she has complied with the restrictions within 30 days following removal." *Id.* Defendant's request is well-taken and the undersigned agrees that the pre-filing requirements imposed on Plaintiff due to his vexatious litigator status shall also include cases removed from state court to federal court.

Accordingly, as in *Jabbar*, the undersigned herein recommends that in the event Plaintiff files any new action in a state court that is subsequently removed to federal court, plaintiff must comply with the restrictions outlined by the Court in *Jordan v. Pinkett-Smith* and, within 30 days following the removal, submit a certification in the removed case stating that he has complied with the restrictions.

### IV. Conclusion

In light of the foregoing, it is therefore **RECOMMENDED** that Defendant's motion to dismiss for lack of jurisdiction (Doc. 6) be **GRANTED** and Plaintiff's complaint be **DISMISSED,** *in toto,* Plaintiff's motion (Doc. 8) be **DENIED as MOOT;** the **pre-filing requirements** imposed on Plaintiff due to his **vexatious litigator** status shall also include cases removed from state court to federal court; and this **matter be CLOSED.** It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis.* Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRELL D. JORDAN AKA
TRACY D. HALSELL,

   Civil Action No. 1:23-cv-479

 Plaintiff,

   Cole, J.
   Bowman, M.J

vs.

SHAWN JAY Z CARTER, *et al.,*

 Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).