UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TERRELL D. JORDAN,**

    **Plaintiff,**

  v.

**SHAWN JAY Z CARTER,** *et al.***,**

    **Defendants.**

**Case No. 1:23-cv-479**

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

**OPINION AND ORDER**

Before the Court is Magistrate Judge Bowman's January 8, 2024, Report and Recommendation (R&R, Doc. 9), which recommends that the Court dismiss Plaintiff Terrell D. Jordan's pro se Complaint (Doc. 3). The Court agrees with the R&R that it lacks jurisdiction over the cause but disagrees with the proposed relief. Rather than dismiss the case as the R&R suggests, the Court finds it must remand the suit to state court under 28 U.S.C. § 1447(c). So, for the reasons stated more fully below, the Court **ADOPTS IN PART, MODIFIES IN PART, AND REJECTS IN PART** the R&R (Doc. 9). Accordingly, the Court **DENIES** Movant United States's Motion to Dismiss for Lack of Jurisdiction (Doc. 6) and **REMANDS** the matter to the Hamilton County, Ohio, Court of Common Pleas.[1]

---

[1] Because the Court lacks jurisdiction and remands the action, it lacks the authority to rule on Jordan's Motion to Consolidate Defense/Testimony (Doc. 8). So this motion will remain pending but will be returned to the state court docket with the Court's remand of this cause.

## BACKGROUND

Jordan's Complaint, though difficult to parse, tells an incredible story of having been subject to repeated harassment and sexual assault at the hands of several prominent political and public figures. (Doc. 3, #25–27). For this repeated abuse, Jordan demands damages to the tune of millions of dollars from each of the named Defendants, as well as what appears to be a protective order to avoid further harassment and stalking. (*Id.* at #27). This is not the first time Jordan has spun this tale—in fact, Judge Barrett previously declared Jordan a vexatious litigant in this Court for having filed several frivolous lawsuits alleging similarly fanciful factual allegations. *Jordan v. Pinkett-Smith*, No. 1:23-cv-137, 2023 WL 3060265, at *2 (S.D. Ohio Apr. 24, 2023). Perhaps in an attempted end run on the prohibitions that the vexatious litigant determination imposes—most notably, the one preventing him from suing in this Court in forma pauperis (IFP) without first having an attorney certify that his proposed complaint is non-frivolous, *id.*—Jordan filed his Complaint in this action in the Hamilton County Court of Common Pleas. (Doc. 1-4). There, he had moved for and was granted IFP status.[2] (Doc. 3, #29–30; Docs. 6-1, 6-2).

---

[2] "When a case is removed, the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Munsey v. Testworth Lab'ys*, 227 F.2d 902, 903 (6th Cir. 1955) (citation omitted); 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such [state court] action prior to its removal shall remain in full force and effect until dissolved or modified by the [federal] district court."). For that reason, the Court concludes the state court's grant of IFP status to Jordan continues apace in federal court, in accord with the holdings of other district courts in this Circuit. *Anderson v. Memphis Union Mission*, No. 2:22-cv-02402, 2023 WL 2429496, at *1–*2 (W.D. Tenn. Mar. 9, 2023) (collecting cases).

It is unclear how many Defendants have been served or joined to this suit. But, as relevant here, former President Obama, for whom service was properly executed, removed this suit to federal court under the federal officer removal statute. (Doc. 1, #1 (citing 28 U.S.C. § 1442(a)(1))). After certifying that the Complaint purported to challenge actions former President Obama took during the scope of his federal employment, the United States was substituted as a party under 28 U.S.C. § 2679(d)(1). (Doc. 2). No party objected to this substitution—so the Court recognizes the United States as the properly substituted party defendant. *Estep v. Comm'r of Soc. Sec.*, No. 1:22-cv-474, 2024 WL 126382, at *2 n.4 (S.D. Ohio Jan. 11, 2024).

After the Court referred this case to the Magistrate Judge under 28 U.S.C. § 636(b), (Doc. 4), the United States moved to dismiss the Complaint in toto under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), (Doc. 6). In that motion, the government argued that sovereign immunity barred the suit, the Court lacked jurisdiction over the entire suit because the allegations were totally implausible, and the Complaint otherwise failed to state a claim for relief. (*Id.* at #37, 39–41, 40 n.2). Jordan responded in opposition adding further wholly implausible details to his story about Defendants' collective responsibility for rape, gender-identity- and sexual-orientation-based discrimination, and child sexual abuse. (Doc. 7, #49).

On January 8, 2024, the Magistrate Judge issued the R&R currently before the Court. (Doc. 9). It recommends dismissing the entire Complaint under Federal Rule of Civil Procedure 12(b)(1) for want of subject-matter jurisdiction because the allegations were totally implausible and devoid of merit. (*Id.* at #57). The R&R also

3

recommended expanding the earlier vexatious litigant order, which had enjoined Jordan from filing IFP suits in federal court without a certification of non-frivolousness. The R&R essentially proposes subjecting Jordan to those same pre-filing requirements for any IFP case removed from state to federal court. (*Id.* at #58–59). Specifically, within 30 days of removal, Jordan would be required to obtain that certification for the now-removed state-court action upon pain of dismissal. (*Id.*). Finally, the Magistrate Judge recommended that the Court certify that any appeal taken from this Opinion and Order would not be in good faith, which would thereby deny Jordan leave to appeal this Court's decision IFP. (*Id.* at #59).

No party objected to the R&R. Before drafting this Opinion and Order, however, the Court noted an issue that neither the parties nor the R&R had addressed. Under 28 U.S.C. § 1447(c), if "the district court lacks subject matter jurisdiction" over a removed case, then "the case shall be remanded." In line with the plain language of this provision, the Sixth Circuit has held that remand under § 1447(c) admits of no futility exception (e.g., when remand would be futile because the state court would also lack jurisdiction over the suit). *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496–97 (6th Cir. 1999). Because the R&R did not propose remand, and the issue was not briefed, the Court gave all parties, including the United States, the opportunity to brief the issue by February 20, 2024. (2/6/24 Not. Order).

No party filed supplemental briefing, so the matter is now ripe for review.

4

**LAW AND ANALYSIS**

To begin, the R&R advised Jordan that failing to object within 14 days of its issuance could result in a forfeiture of his right to the Court's de novo review of the R&R as well as his right to appeal this decision. (Doc. 9, #60). *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Jordan needed to object by January 22, 2024. The time for filing objections has since passed, and, as noted, no party has objected. That said, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that, even when no party objects, the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and has determined that its legal reasoning does not contain any "clear error on [its] face," Fed. R. Civ. P. 72(b) (advisory committee notes), but that the Court disagrees at the margins about the proposed disposition.

**A.     Subject-Matter Jurisdiction and Remand Under 28 U.S.C. § 1447(c)**

As noted, the Magistrate Judge analyzed the Complaint and found it wanting: Jordan's "pro se complaint is without an arguable basis in fact over which this federal court has subject matter jurisdiction. The complaint is largely incomprehensible and contains fanciful allegations that 'rise to the level of the irrational or the wholly incredible.'" (Doc. 9, #56 (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992))).

5

The Court sees no error in that assessment—let alone clear error. To start out, the Court finds no error in the Magistrate Judge's recommendation that the Court sua sponte dispose of this action because it lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Doc. 9, #57). It is well-established that a court may properly act to terminate cases over which it lacks subject-matter jurisdiction when the allegations are "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[P]atently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction."). So even though the Court's consideration of what to do with all of the claims in the Complaint is occasioned by the United States's motion to dismiss, it agrees it has the authority to take action of its own accord with respect to this entire action, given (as explained next) subject-matter jurisdiction is lacking.[3]

And the Court sees no clear error with the Magistrate Judge's determination that the Court lacks subject-matter jurisdiction here. While the Court appreciates that Jordan sincerely believes that he has been sexually assaulted by prominent figures who are purportedly engaged in a grand conspiracy, these allegations track the type of fanciful factual assertions that courts in this Circuit have deemed factually and legally frivolous. *E.g.*, *Marshall v. Huber*, No. 3:09-cv-54, 2009 WL 1904337, at *1 (W.D. Ky. July 1, 2009) (allegations that government officials were

---

[3] And Jordan was given three chances to respond to the prospect the Court will dispose of the entire action: in response to the United States's motion, (Doc. 6, #40 n.2), in an objection to the R&R, (Doc. 9, #57), and in response to the Court's February 6, 2024, Notation Order requesting briefing on the issue of remand, (2/6/24 Not. Order).

6

surveilling and torturing the plaintiff); *Bardes v. Bush*, No. 1:22-cv-290, 2023 WL 2364664, at *7–*8 (S.D. Ohio Mar. 6, 2023) (collecting cases). So the Court adopts the R&R's analysis and concludes that it lacks subject matter jurisdiction over the entire Complaint.

But, as previewed above, the Court disagrees with the Magistrate Judge that the proper resolution is to dismiss the Complaint. This is because when a cause is removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added). The Sixth Circuit has held that this plain and unambiguous statutory command admits of no exception—even if remand to the state court would be futile because the state court would itself lack jurisdiction over the cause. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496–97 (6th Cir. 1999) (quoting *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)). So it would seem that the proper disposition is an order remanding the matter to the state court, not the order of dismissal the R&R recommends.

Admittedly, applying § 1447(c)'s plain text appears to require a surprising disposition. As the sovereign, the United States (the defendant substituted in place of former President Obama) may not be sued, unless it consents. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("[T]he existence of consent [to suit by the sovereign] is a prerequisite for jurisdiction."). And on the allegations here, there is no plausible claim that the United States has consented to suit in state court. True, the United States has consented to suit for torts committed by its employees acting within

7

the scope of their employment via the Federal Tort Claims Act (FTCA). *Brownback v. King*, 141 S. Ct. 740, 745–46 (2021). And it has also consented to suit for claims arising under "express or implied contract[s]" under the Tucker Act. *Mitchell*, 463 U.S. at 215–16 (quoting 28 U.S.C. § 1491). But both the FTCA, *see Brownback*, 141 S. Ct. at 746, and the Tucker Act, *see* 28 U.S.C. §§ 1346, 1491, require such claims to proceed in *federal* courts. For FTCA claims, or Tucker Act claims up to $10,000, any federal court will do. But for Tucker Act claims over $10,000, the Court of Federal Claims has exclusive jurisdiction. *Brott v. United States*, 858 F.3d 425, 428–29 (6th Cir. 2017).

Both acts are at play here. The Court agrees with the Magistrate Judge that Jordan's claims against the United States—in as much as the allegations can be understood at all—arise under the FTCA and the Tucker Act. (Doc. 9, #57 (construing Jordan's allegations of sexual assault at the hands of former President Obama (Doc. 3, #25–26), as an FTCA claim and his allegations about former President Obama's implied promise to pay Jordan $20 million, (*id.* at #27), as a Tucker Act claim)). So that means that, even if the claims were non-fanciful, only federal courts would have subject-matter jurisdiction to hear them—unsurprisingly, a primary reason for the United States's removal of this suit. (*See* Doc. 1, #1–2; Doc. 2, #19–20).

Against that backdrop, it seems odd for this Court to remand the matter to state court, or at least the claims that as a matter of federal law the state court lacks jurisdiction to hear. But that is exactly what § 1447(c)'s plain language, coupled with *Coyne*'s holding that this textual command admits of no futility exception, appears to

8

mandate. Given that this Court "lacks subject-matter jurisdiction," 28 U.S.C. § 1447(c), over this "totally implausible" and "patently frivolous" action, *Apple*, 183 F.3d at 479, "the case shall be remanded," 28 U.S.C. § 1447(c). The Court concedes that this places the United States in a bit of a jurisdictional quandary: it cannot be sued in state court on these claims, but it cannot exercise its statutorily granted authority to remove the case to federal court and make it stick here through a successful termination of the case in the government's favor because the claims are wholly divorced from reality and the federal court otherwise lacks subject-matter jurisdiction.[4]

One might argue that *Coyne*'s no-futility-exception rule should not apply here, as *Coyne* did not involve a question of federal-law sovereign immunity. Rather, *Coyne* dealt with a district court's decision to dismiss the suit as futile because the court concluded that the plaintiff would lack standing in state court *as a matter of state law*. 183 F.3d at 496. That may be an important difference. Perhaps, § 1447(c) requires federal courts to remand a removed case over which a federal court lacks jurisdiction even when the federal court believes it would be futile *as a matter of state law* to do so, but does not require remand of those specific claims or defendants for which the federal court determines remand would be futile as a matter of *federal law*. If that is the rule, then dismissal of the claims against the United States here (and to be clear, *only* those claims) would be the right result—the United States has a

---

[4] The incongruity prompted the Court to grant the parties leave to brief the remand issue and to identify an exception permitting dismissal, instead of a return ticket to state court. (2/6/2024 Not. Order).

9

federal-law entitlement to sovereign immunity, so the state court lacks jurisdiction over the claims against the sovereign as a matter of federal law. And the Court further acknowledges that applying that construction would both conserve judicial resources (as it would obviate the need for the state court to undertake the mandated dismissal of these claims) and vindicate the congressional policy decision reflected in the federal officer removal statute that permits federal officers sued over actions they took as federal employees to avoid state court adjudication of the claims against them. *Hammer v. United States*, 989 F.3d 1, 2–3 (D.C. Cir. 2021) (relying on judicial efficiency and the policy underlying the federal officer removal statute to affirm the dismissal of claims against the sovereign for want of subject-matter jurisdiction despite the "unambiguous" language in § 1447(c) requiring remand).

But that said, while the dichotomy imagined above wraps everything up into a neat package, the Court struggles to find the authority to implement it. It is a policy argument in search of an interpretative basis. The statutory text is clear: "the [removed] case shall be remanded" if the Court lacks subject-matter jurisdiction over it. 28 U.S.C. § 1447(c). And while remand seems to make little policy sense, this Court

> does not revise legislation … just because the text as written creates an apparent anomaly as to some subject it does not address. Truth be told, such anomalies often arise from statutes, if for no other reason than that Congress typically legislates by parts—addressing one thing without examining all others that might merit comparable treatment. Rejecting a similar argument that a statutory anomaly (between property and non-property taxes) made "not a whit of sense," [the Supreme Court] explained in one recent case that "Congress wrote the statute it wrote"— meaning, a statute going so far and no further. … This Court has no roving license, in even ordinary cases of statutory interpretation, to

10

disregard clear language simply on the view that … Congress "must have intended" something [else].

*Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 794 (2014) (quoting *CSX Transp., Inc. v. Ala. Dep't of Revenue*, 562 U.S. 277, 295 (2011)). The Fifth Circuit summed it nicely: "§ 1447(c) means what it says, admits of no exceptions, and requires remand even when the district court thinks it futile." *Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 448 (5th Cir. 2023) (reaching this conclusion in light of "the statute's plain text and the great weight of authority from across the country," and ordering that the removed case be remanded even though the state court would lack jurisdiction due to the Indian tribe's entitlement to tribal immunity under federal law).[5]

True, beyond the exception noted above that the D.C. Circuit adopted in *Hammer*, the Ninth Circuit has long concluded that § 1447(c) includes a futility exception. But in recently applying the exception, a panel of that court underscored its inconsistency with the plain text of § 1447(c) (even as applied in a case where the state court would lack jurisdiction over the entire remanded action as a matter federal law). In *Sauk-Suiattle India Tribe v. City of Seattle*, the Ninth Circuit panel in a per curiam decision held that the district court lacked subject-matter jurisdiction over a removed challenge to a federal hydroelectric project because jurisdiction was vested exclusively in federal courts of appeals. 56 F.4th 1179, 1182 (9th Cir. 2022).

---

[5] The Fifth Circuit also noted that, at the very least, seven circuits have held that § 1447(c) admits of no futility exception. *Spivey*, 79 F.4th at 448 n.* (citing *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 108–09 (1st Cir. 2007); *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997); *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48–49 (4th Cir. 1996); *Coyne*, 183 F.3d at 496; *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1139–40 (7th Cir. 1994); *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557–58 (10th Cir. 2000); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).

And since the cause would therefore necessarily be dismissed in state court, the panel, bound by Ninth Circuit precedent recognizing a futility exception, affirmed a dismissal of the removed cause, rather than a remand of the action under the plain terms of § 1447(c). *Id.* at 1190. But importantly for our purposes, the entire panel also joined a special concurrence written by Judge Bennett, who argued that "the futility exception does not comport with § 1447(c)'s plain text" and that the Ninth Circuit "should reconsider the futility exception en banc and abandon it." *Id.* at 1191 (Bennett, J., concurring). In words that echo the Fifth Circuit's analysis above, Judge Bennett noted § 1447(c) "is plain and unambiguous. Indeed, it could be neither simpler nor more straightforward. It covers all periods from removal to final judgment. And it requires a district court to remand a case to the state court from which the case was removed upon finding that it lacks subject matter jurisdiction." *Id.* at 1192. And as "§ 1447(c) is clear," Judge Bennett explained that even if "valid policy reasons" ground the futility exception,[6] "it is not our role to choose what we think is the best policy outcome and to override the plain meaning of a statute, apparent anomalies or not." *Id.* at 1193 (citation omitted).

---

[6] Certainly, dismissal would seem to be the most efficient mechanism for disposing of the claims against the United States given the state court will ultimately be required to dismiss those claims as it has no authority to hear them. But perhaps, the logic underlying § 1447(c)'s required remand is that when the federal court wholly lacks subject-matter jurisdiction over the removed cause, the suit was never properly removed from the state court in the first instance—in other words, the federal court never legally gained control over the matter. And under that legal fiction, it would necessarily follow that only the state court—the only court that had any proper legal control over the cause—would be able to take action in the case, including dismissing claims based on assertions of sovereign immunity.

12

The bar on overriding plain statutory text takes on an even greater significance here. As noted above, the only claims to which the exclusive federal jurisdiction argument applies are those Jordan raised against the United States. The futility of remand thus applies to those claims, and those claims only. But given that fact, dismissing the action due to futility, rather than remanding, would require the Court to deviate from § 1447(c)'s language along two dimensions. First, as discussed above, the statute orders remand, not dismissal. And second, § 1447(c)'s plain language instructs the Court to remand "the case," which embodies the entirety of the legal matter as opposed to only some portion of it. *Compare Case*, Black's Law Dictionary (10th ed. 2014) ("A civil or criminal proceeding, action, suit, or controversy at law or in equity."), *with Claim*, Black's Law Dictionary, *supra* ("[T]he part of a complaint *in a civil action* specifying what relief the plaintiff asks for." (emphasis added)). That means the plain text of § 1447(c) does not permit dismissing some claims and remanding others or otherwise parceling out different dispositions for distinct subsets of the action. *Lutostanski v. Brown*, 88 F.4th 582, 587–88 (5th Cir. 2023) ("If § 1447(c) mandates the remand of that 'case,' it mandates the remand of all of the claims in that case."). Accordingly, the text likewise offers no justification for considering remand on only a claim-by-claim basis.

In short, given the plain language of § 1447(c) and the lack of any argument from the parties as to why it should not apply, the Court disposes of this case as the

statute commands—by remanding it to state court.[7] *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 108–09, 109 n.5 (1st Cir. 2007) (requiring remand under the plain text of § 1447(c), even though the court acknowledged the United States, a defendant in the removed interpleader action, would likely raise sovereign on remand).

**B.     Should the Vexatious Litigant Pre-Filing Requirements Be Expanded?**

That brings the Court to the R&R's recommendation to expand the scope of the order imposing pre-filing requirements on Jordan as a vexatious litigant from *Jordan v. Pinkett-Smith*, 2023 WL 3060265, to cover cases removed from state court. (Doc. 9, #58–59). The R&R cites *Jabbar v. Graham*, No. 2:21-cv-999, 2021 WL 4745717 (S.D. Ohio Oct. 12, 2021), as authority for this expansion. In *Jabbar*, the district court judge imposed pre-filing requirements on a vexatious litigant, even as to removed cases. *Id.* at *3 ("[P]laintiff must comply with the [pre-filing] restrictions … within 30 days following removal."). The *Jabbar* court situated its authority to impose pre-filing requirements on the plaintiff for cases originally filed in federal court in the "inherent constitutional and statutory power of the federal courts" to control their own dockets against harassing litigation. *Id.* But *Jabbar* cited no authority for imposing the same

---

[7] Because the Court applies the plain language of 28 U.S.C. § 1447(c) here, the United States's Motion to Dismiss (Doc. 6) is **DENIED**. As explained, the United States is correct on the law but not the proper disposition: This Court lacks subject-matter jurisdiction over the cause because the allegations are legally and factually frivolous. (*Id.* at #40 n.2). But the United States's requested relief—dismissal, (*id.* at #45)—cannot be granted given the procedural posture of this case.

14

requirements on a litigant prior to docketing his case when his cause was initially docketed in another forum and was later removed by a third party.[8]

The Court is not convinced that such an order falls within the proper scope of the federal court's authority. As case law has made clear, *see supra* note 2, the Court takes a removed cause "as though everything done in the state court had in fact been done in the federal court." *Munsey v. Testworth Lab'ys*, 227 F.2d 902, 903 (6th Cir. 1955); 28 U.S.C. § 1450. Thus, if a state court dockets a vexatious litigant's case without demanding he certify it as not frivolous, the federal court to which the cause was removed would be acting ultra vires by conditioning its docketing of the case on receiving a certificate not otherwise required in the first forum. Put differently, the state court already placed the vexatious litigant's case on its docket; by implication,

---

[8] To be clear, *Jabbar* is not the only case to have applied the so-called pre-filing requirements to cases in which the vexatious plaintiff had filed in state court and had his cases removed by the defendants. *Dydzak v. Cantil-Sakauye*, No. 2:22-cv-1008, 2022 WL 6200127, at *3 (D. Nev. Oct. 7, 2022); *Maisano v. CoreCivic*, No. CV 17-4541, 2017 WL 8792544, at *2 (D. Ariz. Dec. 13, 2017); *Hinton v. BP Am., Inc.*, Nos. 1:10-cv-754, 1:10-cv-851, 1:10-cv-852, 2010 WL 3396825, at *2 (E.D. Va. Aug. 25, 2010); *Whitehead v. Twentieth Century Fox Film Corp.*, No. Civ.A. 05-1462, 2005 WL 3275905, at *3 (D.D.C. Aug. 29, 2005); *Jemzura v. Mikoll*, No. 99-cv-710, 2001 WL 1217227, at *3 (N.D.N.Y. Sept. 4, 2001); *Sassower v. Abrams*, 833 F. Supp. 253, 266 (S.D.N.Y. 1993). But these cases do not cite specific statutory or caselaw authority (except for each other) for the authority to impose such pre-filing requirements after removal. Nor do they discuss the fact that those removed cases were already accepted for docketing in the state court and that federal courts typically accept removed cases as is. *See supra* note 2. Instead, they cite the practical concern that, were the pre-filing requirements not to apply to removed cases, a vexatious litigant could simply file in state court "to circumvent" the court's sanctions order. *E.g.*, *Whitehead*, 2005 WL 3275905, at *3. And they implicitly suggest that, due to such concerns, a court's inherent authority to protect against abuse justifies the scope of the sanction. *See Maisano*, 2017 WL 8792544, at *2. Not only do these arguments fail to appreciate that it was the *defendant*, not Jordan, who chose to remove the action from state to federal court, *see* 28 U.S.C. § 1442(a); *see also id.* § 1441(a), but they fail to show how a court's inherent judicial authority suffices to substantiate the imposition of what amount to pre-filing requirements on a case after removal, given that the state court has already accepted the cause for docketing.

15

that means once the case is removed, this Court is judicially required to accept the case as already properly docketed—even without a certification of non-frivolousness. Indeed, it is much like the typical practice with IFP determinations. As noted above, *see supra* note 2, when a state court allows an action to proceed IFP, the determination remains in place upon removal.

That does not mean that defendants have no recourse against spurious claims. But the proper forum to obtain relief against a vexatious litigant who is abusing the judicial process by filing harassing litigation in *state* court is *in that state court*. Ohio courts not only have the inherent judicial (to say nothing of statutory, *see* Ohio Rev. Code § 2323.52(B)) authority to declare the litigant vexatious and to impose pre-filing requirements, but those courts also are best suited to act as the gatekeeper—it was, after all, the vexatious litigant's first judicial stop along the line. Accordingly, because the Court concludes it lacks the power to do so, the Court regretfully declines the R&R's recommendation to expand the scope of the pre-filing requirements that were previously imposed on Jordan in *Jordan v. Pinkett-Smith*, 2023 WL 3060265, at *2, to apply to cases removed from state court.[9]

---

[9] That said, Defendants are not totally left in a lurch should they decide to remove future vexatious cases filed by Jordan in state court. When Jordan proceeds IFP, the Court has the statutory authority to screen and to dismiss any such complaint sua sponte for raising frivolous claims or otherwise failing to state a claim for relief under 28 U.S.C. § 1915(e). And Federal Rules of Civil Procedure 11 and 37 also constitute viable mechanisms for Defendants to pursue sanctions (monetary or otherwise) for contumacious litigation and discovery behavior that occurs while a case is pending before the Court.

* * *

Finally, because Jordan is proceeding IFP, the Court must assess, pursuant to 28 U.S.C. § 1915(a)(3), whether an appeal taken from this Opinion and Order would be "in good faith." While the Court disagrees with the R&R's suggested order disposing of this case, there is no disagreement about its merits. So, given Jordan's "allegations—to the extent they are decipherable—are implausible frivolous, unsubstantial, and devoid of merit as to all the defendants," (Doc. 9, #57), "any appeal of this decision [by Jordan] would not have an arguable basis either in law or in fact." *Ohio v. Watson*, No. 1:22-cv-708, 2023 WL 6894812, at *2 (S.D. Ohio Oct. 18, 2023) (citation omitted). The Court therefore certifies that any appeal taken from this Opinion and Order by Jordan IFP would not be in good faith.

## CONCLUSION

So the Court **ADOPTS IN PART, MODIFIES IN PART, AND REJECTS IN PART** the R&R (Doc. 9). More specifically, the Court **ADOPTS** the R&R's analysis that it lacks subject-matter jurisdiction over Jordan's case because it is both legally and factually frivolous. (*Id.* at #57). But the Court **MODIFIES** the R&R's recommended disposition: ordering the case be remanded under 28 U.S.C. § 1447(c), not dismissed, (*id.* at #59). And the Court **REJECTS** the R&R's recommendation to expand the vexatious litigant order to require Jordan to comply with the pre-filing requirements when a case he filed in state court is later removed to this Court. (*Id.*).

Accordingly, the Court **DENIES** Movant United States of America's Motion to Dismiss for Lack of Jurisdiction (Doc. 6) and **REMANDS** Jordan's action to Hamilton

17

County, Ohio, Court of Common Pleas. And the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal taken from this Opinion and Order would not be made in good faith, and **DENIES** Jordan leave to appeal in forma pauperis. The Court further **DIRECTS** the Clerk to **TERMINATE** this case on its docket.

    **SO ORDERED.**

February 27, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**